Cohoes Power and Light Corporation, Claimant, *v.* The State of New York, Defendant.

(Claim No. 10583.)

Court of Claims, October 22, 1926.

State — Barge canal — claim against State for land and water rights appropriated — claimant's predecessor was granted water power rights in 1826 subject to improvement of Mohawk river by State — subsequent act, authorizing construction of another dam, was supplemental to first act and subject to same conditions — State not liable for injuries to water power rights in second grant — failure of claimant to act under second grant for nineteen years is ground for forfeiture — claimant had no right to raise crest of first dam.

The claimant, whose predecessor was granted the right in 1826 to erect a dam in the Mohawk river for water power purposes, subject to the right of the State to improve the river for navigation purposes, cannot claim damage to its water power rights under a subsequent act authorizing it to construct another dam above the original one, where land, at the point of the second dam, was appropriated by the State for the Barge canal, for the subsequent act, although not specifically reserving the right of the State to improve the river, was in fact supplemental to the first act, and, therefore, the claimant's right thereunder was subject to the conditions contained in the original act.

Furthermore, the claimant's failure for nineteen years to act under the authority given it in the second act, by erecting a dam therein authorized, furnishes a just ground for the revocation and forfeiture of its franchise.

The claimant did not have the right to raise the crest of its original dam so as to interfere with the State dam, which is above the claimant's dam and which was constructed for canal purposes.

Claim for value of lands appropriated by the State for the use of the Barge canal and for damages from the construction of the canal dam in the Mohawk at Crescent.

*Samuel F. Moran* [*John D. Monroe* of counsel], for the claimant.

*Charles D. Newton, Carl Sherman* and *Albert Ottinger, Attorneys-General* [*Edward J. Mone, Deputy Attorney-General,* of counsel], for the State of New York.

Ackerson, P. J. This claim was originally filed by the Cohoes Company, the present claimant's predecessor and assignor, and as finally submitted seeks to recover from the State the value of lands appropriated by the State for the use of the Barge canal together with direct and consequential damages which it claims were suffered by reason of the appropriation of lands and of the construction of the State's canal dam in the Mohawk at Crescent.

Plaintiff's predecessor and assignor, the Cohoes Company, was incorporated by special act of the Legislature, being chapter 90

of the Laws of 1826, entitled " An act to incorporate the Cohoes Company," which became a law on March 28, 1826.

The act of incorporation bestowed upon the corporation in terms the power of acquiring and holding real and personal estate for the use of the corporation but provided that such real estate so authorized to be held should be such only as might be requisite to carry on the hydraulic and manufacturing operations of the corporation, or such as should have been *bona fide* mortgaged to it by way of security for sales, or conveyed to it in satisfaction of debts previously contracted in the course of its dealings, or purchased at sales upon judgments or decrees which should have been obtained for such debts or sales made by virtue of any mortgage given to said corporation for the purposes aforesaid. It also provided in detail for the election of officers and directors and very fully for the management of the affairs of the corporation and specifically that the said corporation should confine its hydraulic and manufacturing operations to and within the towns of Watervliet and Waterford.

The act of incorporation also authorized the corporation to erect and maintain a dam across the Mohawk river opposite its lands above the great Cohoes falls for supplying water necessary for the purpose of said corporation with the proviso that nothing in the act contained should be so construed as to injure, affect or impair the rights and privileges of any person or persons or of any corporation theretofore granted or to impair or injure the rights and privileges of the people of the State of New York. It authorized the corporation to cut, construct and make a canal or canals from the Mohawk river, upon the lands of the corporation, to supply water for all of its purposes and to cut, construct and make upon its lands as many lateral canals connected therewith as would be necessary to supply water for the manufacturing establishments which might be erected and also to afford such water communication with the Erie and Champlain canals as should be approved by Canal Commissioners or such other person or persons as might thereafter be appointed by the Legislature having the superintendence and management of the canals, and that it might also at any time thereafter purchase, build or hire for its use and in its name houses, factories, warehouses, wharves, etc., and to sell or lease any part or the whole of such property and also any surplus waters of its canals in such manner as it might think most conducive to the interest of the corporation provided that it should not at any time by means of its said canals or otherwise take or use any of the waters of the Mohawk river which were then or might thereafter be required by the State for

the purposes of navigation. Finally the act provided that the rights and privileges thereby granted should be deemed to be taken subject to the right of the Legislature thereafter to alter, modify or repeal the same.

Acting under the authority of this act, the Cohoes Company in the year 1831 constructed a wooden dam across the Mohawk river about 4,000 feet above the Cohoes falls. It reconstructed this dam in 1839, and in 1865 or 1866 it constructed a stone dam immediately below and against the wooden dam of 1839. In 1911 it raised the permanent crest of the dam to elevation 155.7 Barge canal datum, and in 1914 to 157.

At or about the time of the construction of its first dam, the Cohoes Company also constructed a system of hydraulic canals extending from the pool of the dam into and through the southerly upland below the dam whereby water from the pool created by the dam was distributed to various manufacturing plants along the line of its main and lateral canals for use for power and other manufacturing purposes and for the use of the village, subsequently the city of Cohoes, for municipal uses and purposes, the water eventually finding its way back into the river below the dam and above the State's Champlain canal dam.

Prior to the time of the passage of the Barge Canal Act, chapter 147 of the Laws of 1903, and prior to the time of the appropriation by the State of the lands involved in this claim, and prior to the construction of the State's canal dam at Crescent, the Cohoes Company had itself made no use of the water impounded by its dam for the development of power in any way but had leased to various persons, in perpetuity, so-called mill sites which it owned lying along its canals together with the right to take and draw from the canals and to make use of for power or other purposes certain defined quantities of water. This was practically the sole activity of the Cohoes Company. It had entered into about thirty-two leases of the nature and character above described, twenty-eight of which were in force at the time the State proceeded with the canalization of the Mohawk river including the construction of the Crescent dam as hereinafter set forth.

By chapter 486 of the Laws of 1884, effective June 6, 1884, the Cohoes Company was authorized " for the purpose of securing a better supply of water for its hydraulic and manufacturing operations, or for either," to erect a dam across the Mohawk river above the then present aqueduct of the Erie canal at Crescent, Saratoga county, and to maintain the same and the pond or reservoir of water thereby made. This act also authorized the Cohoes Company to excavate or construct channels or canals along or in

the bed of the Mohawk for the purpose of drawing and using the water from the dam or reservoir which it authorized for the hydraulic or manufacturing operations of the company. This act also provided that the Cohoes Company in erecting and maintaining the dam and its abutments and appurtenances might use the bed of the river and any lands of the people of the State not then used or required for the canal which were formerly occupied as a part of the Erie canal by the former aqueduct of the Erie canal at Crescent, which had then been destroyed and its approaches then disused, and any lands adjacent thereto not then so used or acquired. It provided that the dam should be located where its abutments could be placed upon lands then owned or the right to abut upon which should thereafter be acquired by the company, or upon lands of the people of the State of New York, or partly upon each.

The act of 1884 also provided that the company might apply so much of its funds as it should deem proper to the expense of the erection and maintenance of the dam, abutments, appendages and canals authorized by the act and to the acquisition of the necessary or proper lands, rights and easements for the erection and maintenance of the same, and the maintenance of such pond or reservoir and the exercise of the powers granted by the act, and also that it might hold and enjoy the lands, rights and easements acquired pursuant to the act, and, so far as might be necessary to the exercise, use and enjoyment of the powers granted by the act, it might extend its operations into the towns of Half Moon and Clifton Park. Finally it was provided that the dam authorized by the act should not be erected until the location thereof and of the channels therefrom, upon any lands belonging to the people of the State of New York, and the plans for the construction thereof, were approved by the Superintendent of Public Works and the State Engineer and Surveyor.

The dam authorized by the act of 1884 was never constructed nor so far as the record establishes was anything done looking toward the exercise of the rights and franchise granted by the act of 1884 except that the Cohoes Company acquired title to a parcel of land on the northerly bank of the Mohawk extending for a distance of about 800 feet above and for a distance of about 3,000 feet below the site of the Crescent aqueduct referred to in the act of 1884, which parcel embraced the lands later appropriated by the State for the use of the Barge canal, and also at the same time acquired the right from the owners of lands on the southerly side of the river to erect and construct a dam and to take, use or occupy sufficient of said lands upon which to construct and fasten the

wooden portion of the said dam with the necessary flowage rights for a distance of about 800 feet upstream or westerly from the aqueduct, also submitted plans for a dam which were properly approved and certain masonry was constructed on the southerly shore of the river which may or may not have been constructed for the dam. The evidence does not clearly disclose its purpose.

The Cohoes Company never obtained title to any uplands on the southerly side of the Mohawk beyond a point about 1,600 feet above the Cohoes dam and something more than 12,000 feet below the Crescent aqueduct referred to in the act of 1884.

In the year of 1903 the Legislature, by the enactment of chapter 147 of the laws of that year, provided for the reconstruction of the Erie canal, commonly called the Barge canal. By its terms the route of the canal in this vicinity was described as follows: " Beginning at Congress street, Troy, and passing up the Hudson river to Waterford; thence to the westward through the branch north of Peoble's island and by a new canal and locks reach the Mohawk river above Cohoes Falls; thence in the Mohawk river canalized to Little Falls."

On or about November 30, 1909, the State appropriated for Barge canal uses from the Cohoes Company two parcels of land, one consisting of thirty-five one-hundredths of an acre, the other of one hundred and thirteen one-thousandths of an acre on the northerly bank of the Mohawk immediately westerly of and upstream from the so-called Crescent aqueduct and later, and on or about June 10, 1910, for the same purpose, it appropriated from the Cohoes Company a parcel of land consisting of eighteen and thirty-nine one-hundredths acres also situate on the northerly bank of the Mohawk immediately easterly of and downstream from the said Crescent aqueduct. It had previously appropriated from other owners lands on the southerly side of the Mohawk opposite the lands appropriated from the Cohoes Company as well as certain lands on the northerly side of the river. These lands so appropriated from claimant on the northerly shore of the Mohawk and from other ownership on both sides of the river were acquired for the purpose of enabling the State to construct its canal dam at Crescent and thereby to maintain above the dam for navigation purposes a pool of water at elevation 184 feet above sea level, Barge canal datum.

In or about the month of May, 1908, the State commenced the work of construction of its canal dam at Crescent according to plans previously adopted. By June, 1909, the dam was completed to elevation 184 except for three openings thirty feet in width in

which the concrete was in place up to elevation 157. In or about the month of January, 1910, the concrete in those three openings was cut down to elevation 150 and sometime between January and April, 1915, these openings were filled in and brought up to elevation 184, at which uniform elevation the crest of the entire dam has since been maintained.

The effect of the appropriation of the Cohoes Company's lands on the northerly side of the Mohawk for the purposes of the Barge canal was to deprive the Cohoes Company of the ownership of the lands to which it had been proposed to attach the northerly end of the dam authorized by the act of 1884, and thus to render the erection by it of such dam impossible. The effect of the erection by the State of its canal dam at Crescent with crest elevation 184 was to reduce the pondage in the pool formed by the Cohoes Company's dam erected pursuant to the act of 1826 and also to prevent the Cohoes Company from constructing any dam at the aqueduct site as authorized by the act of 1884. Stated otherwise, because of the State's Barge Canal construction work, the Cohoes Company was prevented from erecting a dam as authorized by the act of 1884 by the appropriation from the Cohoes Company of the lands which had theretofore been available to it to attach its dam on the northerly side of the river and also by the erection by the State of its canal dam at Crescent through the pool formed by the Cohoes Company's dam erected pursuant to the act of 1826 at an elevation which flooded the stretch in the river where the Cohoes Company had proposed to erect a dam pursuant to the act of 1884.

As the claim has been finally submitted, claimant concedes that it cannot recover on account of any invasion of, or interference by the State with any right or franchise acquired by it by or in pursuance of the act of 1826 because of the reservations, restrictions and limitations expressed in the act, whereby the State effectually reserved the right to improve navigation in the Mohawk at such time and in such manner as it might deem fit. Claimant contends, however, that there were no such reservations, limitations or restrictions expressed in the act of 1884, which, it contends, bestowed upon the Cohoes Company an irrevocable franchise to construct a dam above the aqueduct, which dam, if and when constructed, would afford a large pondage of water to supplement the pondage created by its Cohoes dam and to be used at and in connection with its plant and property adjacent to and below its Cohoes dam, and that the destruction of that franchise by the appropriation of its lands and the construction of the State's canal dam at Crescent has greatly reduced the value of its plant and

property adjacent to and below its Cohoes dam acquired, created and constructed pursuant to the act of 1826.

The State answering this contention asserts that the act of 1884 was but a supplement to and in effect an amendment of the act of 1826; that the rights conferred by the act of 1884 were to be enjoyed by the Cohoes Company subject to all of the provisions of the act of 1826 including the reservations, restrictions and limitations therein expressed save only as expressly modified by the act of 1884; that any franchise granted by the act of 1884 had been voluntarily abandoned by the Cohoes Company by non-user for a long period of years and had been lawfully revoked by the enactment of chapter 147 of the Laws of 1903 and the work of canal construction done in pursuance thereof and that, therefore, claimant has no valid claim against the State except for compensation for the lands appropriated from the Cohoes Company by the State.

We hold that claimant cannot recover beyond compensation for the value of the lands appropriated from the Cohoes Company which value we have fixed at $1,131.18.

Clearly any diminution in the value of the property owned by the Cohoes Company and used by it in connection with the franchise granted by the act of 1826 caused by the State's Barge canal work was *damnum absque injuria* because of the reservations of the act of 1826. This, claimant frankly concedes. It was plainly the intention of the Legislature and of the Cohoes Company as well that the dam authorized by the act of 1884, if and when constructed, was to be a storage dam to impound the water of the Mohawk to be let down, as needed, to supplement the supply furnished by the dam constructed pursuant to the act of 1826. The act of 1884 was not intended as a grant of a franchise to be used and enjoyed independent of that granted by the act of 1826, but supplementing and to be used in connection with it as a part of a whole which could be used only as stipulated in the act of 1826. The act of 1884, in addition to granting permission to erect a dam above the aqueduct, also in effect amended the charter of the Cohoes Company, by its terms enlarging the territory within which it might exercise its corporate powers, not, however, otherwise than as provided by the act of 1826, by the terms of which it was forbidden to " at any time, by means of their said canals or otherwise, take or use any of said river which shall now or hereafter be required by the State for the purposes of navigation." Indeed claimant asserts no value in its franchise bestowed by the act of 1884 or damage resulting from the revocation or destruction thereof as an independent franchise, but predicates its value upon its use

as an accessory or auxiliary to its plant and property acquired and assembled pursuant to the act of 1826, and its damages resulting from the State's canal improvement work upon the deprivation of its existing plant and property of the opportunity to create a large pondage by a new dam above the aqueduct to supplement the pondage held back by its Cohoes dam.

Treating the act of 1884 as a supplement to or as an amendment of the act of 1826, as we hold it must be treated, and reading it with the act of 1826, we hold that the franchise granted by the act of 1884 was subject and subordinate to the State's right to improve navigation in the Mohawk river.

Were the franchise granted by the act of 1884 held to be a separate and distinct franchise, free from the reservations of the act of 1826, it could have had but little if any value at the time of this appropriation. It had not been used for a long period of years and clearly was subject to either revocation or forfeiture.

The law is well settled that such franchises are granted in order that they may be exercised for the public benefit and may be abandoned and forfeited by non-user for an unreasonable length of time. (*People* v. *Albany & Vermont R. R. Co.*, 24 N. Y. 261; *People* v. *Broadway R. R. Co.*, 126 id. 29; *City of New York* v. *Bryan*, 196 id. 158, 164; *N. Y. Electric Lines Co.* v. *Gaynor*, 218 id. 417; *First Construction Company* v. *State*, 221 id. 295; *N. Y. Electric Lines Co.* v. *Empire City Subway Co.*, 235 U. S. 179.)

The failure of the Cohoes Company to take any steps looking to the construction of the dam authorized by the act of 1884 during the long period of years intervening between the year 1884 and the passage of the Barge Canal Act (Laws of 1903, chap. 147) is some evidence that the Cohoes Company intended to abandon the franchise which it had never exercised. In these circumstances the rights which it possessed under said franchise were subject to revocation by enactment of the Legislature or to forfeiture for non-user in an action by the People of the State. (26 C. J. 1043; *N. Y. Electric Lines Co.* v. *Empire City Subway Co.*, *supra*.)

We, therefore, hold that the non-user of the franchise to build the dam for the period of nineteen years prior to the passage of the Barge Canal Act continued for such an unreasonable length of time as to furnish just ground for its revocation and forfeiture, and, in view of the determination of the State to canalize the Mohawk river as declared by the Barge Canal Act, made the franchise, if any legal vestige of it remained, of negligible value.

The State contends that the Cohoes Company never possessed and does not now possess the right to maintain its present dam with the crest elevation above 154.2 feet Barge canal datum. We

**138**   JACOBSEN *v.* U. S. SHIPPING BOARD EMERGENCY FLEET CORP.

Supreme Court, August, 1926.          [Vol. 128

think the evidence in the case supports this contention of the State. In our judgment the testimony in the case establishes the fact that neither before nor since the appropriation made herein by the State has the claimant had the right to maintain its dam with a crest elevation higher than 154.2 feet Barge canal datum either by purchase or prescription. It cannot maintain its dam at 157 feet elevation now, which it is contending for, without raising the water 2.8 feet on the State dam. The claimant certainly cannot do this without the State's consent and no consent has been given.

It follows that claimant is entitled to judgment for the value of the lands appropriated from the Cohoes Company, with interest from the dates of appropriation of the several parcels, and as to all other items the claim should be dismissed.

SMITH and PARSONS, JJ., concur.